UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ROBERT CROOMS** | **DOCKET NO. 6:25-cv-0062**<br>**SECTION P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **LYNDEN BURTON** | **MAGISTRATE JUDGE AYO** |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Robert Crooms, who is proceeding *pro se* and *in forma pauperis* in this matter. Crooms is currently in the custody of the Louisiana Department of Corrections and is incarcerated at the Vermilion Parish Jail. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.     BACKGROUND

The instant complaint names as the sole defendant Lynden Burton in his capacity as Crooms' court-appointed attorney in his state court proceedings. Crooms complains that Burton "committed malpractice and misrepresentation of his duty and obligations." Rec. Doc. 1, p. 3. He alleges that the failure to provide adequate representation has caused loss of wages, pain and suffering, stress, and mental anguish. *Id.* He seeks monetary compensation in the amount of $10,000.00. *Id.* at p. 4.

### II.     LAW AND ANALYSIS

#### A.  *Frivolity Review*

Crooms has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which

provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept the plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

## B. Section 1983

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## C. Application

Neither a court-appointed attorney nor a privately retained attorney is a state actor for purposes of Section 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk*

2

*Cty. v. Dodson,* 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988)).

Burton, as Crooms' defense counsel, is a non-state actor and therefore, not subject to suit under Section 1983 conduct unless Crooms can show Burton's conduct is "fairly attributable to the State." *See Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017). Crooms' complaint fails to establish Burton's liability as a non-state actor. Therefore, it is subject to dismissal for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & (ii).

### D. Three Strikes Provision

Prisoner civil rights suits are subject to the provisions of the Prisoner Litigation Reform Act (PLRA), including the "three strikes" rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three of more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), abrogated in part on other grounds by *Coleman v Tollefson*, 575 U.S. 532, 537 (2015). The purpose of the three strikes rule is to discourage inmates from filing frivolous lawsuits. *Banos*, 144, F.3d at 884. Prisoners may continue to file lawsuits, but they must prepay the filing fee. The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. *Id.*

When a district court dismisses a case as frivolous, malicious, or for failure to state a claim, such a dismissal counts as a "strike" under Section 1915(g) once the judgment becomes final. *See Adepegba*, 130 F.3d 383, 387-388; 28 U.S.C. § 1915(g) (covering dismissals as

"frivolous, malicious, or [for] fail[ing] to state a claim upon which relief can be granted"). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. *Id*; *Patton v. Jefferson Corr. Ctr.,* 136 F.3d 458, 462 (5th Cir. 1998).

The current case should count as a THIRD STRIKE pursuant to 28 U.S.C. § 1915(g), and a copy of this order should be sent to the keeper of the THREE STRIKES LIST. The following cases have been dismissed by this Court as frivolous, malicious, or for failure to state a claim: *Crooms v. Police Dept. of Abbeville, et al,* Civil Action No. 6:24-cv-1271, and *Crooms v. Clavier,* Civil Action No. 6:24-cv-1594.

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Crooms is warned that upon dismissal of this action, he will no longer be able to proceed *in forma pauperis* in civil rights actions unless he is under imminent danger of serious physical injury. A prisoner who has sustained three dismissals qualifying under the "three strikes" provision may still pursue any claim, but "he or she must do so *without the aid of i.f.p. procedures.*" *See Adepegba,* 103 F.3d at 386 (emphasis added).

### III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff Robert Crooms' civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers this 5th day of February, 2025.

_____
David J. Ayo
United States Magistrate Judge